872 So.2d 1140 (2004)
Jerry Kenneth SCHWEHM
v.
G. Brice JONES and Marion B. Farmer.
No. 2003 CA 0109.
Court of Appeal of Louisiana, First Circuit.
February 23, 2004.
*1141 Lloyd R. Walters, Slidell, for Plaintiff-Appellant Jerry Kenneth Schwehm.
Gus A. Fritchie, III, Jeanette M. Engeron, Irwin, Fritchie, Urquhart & Moore, LLC, New Orleans, for Defendant-Appellee G. Brice Jones.
James G. Wyly, III, Thear J. Lemoine, Phelps Dunbar LLP, Gulfport, MS, for Defendant-Appellee Marion B. Farmer.
Before: CARTER, C.J., PARRO, and GUIDRY, JJ.
PARRO, J.
In this legal malpractice case, Jerry K. Schwehm appeals a summary judgment in favor of his former attorneys, G. Brice Jones and Marion B. Farmer, dismissing with prejudice his claims against them. We affirm.

*1142 FACTUAL AND PROCEDURAL BACKGROUND
While serving as a justice of the peace in St. Tammany Parish, Schwehm was charged with malfeasance in office, including one count of failing to remit litter fees to the police jury and one count of collecting fees for the lodging and filing of peace bonds.[1] Jones and Farmer defended him on the criminal charges. After a trial by jury, he was convicted on both counts. He retained new counsel and filed a motion for new trial, based in part on ineffective assistance of counsel. After a hearing, the motion for new trial was denied, and he appealed his convictions to this court. On appeal, his conviction on the peace bond issue was upheld, but this court reversed his conviction on the litter fee count.[2] The supreme court granted the state's writ and reversed this court on the litter fee count, reinstating Schwehm's conviction and sentence on both counts.[3] On remand to this court for consideration of his remaining assignments of error previously pretermitted on appeal, several of which addressed the assistance of counsel, this court found no error in the trial court's decision.[4] Schwehm applied for habeas corpus relief based on ineffective assistance of counsel and insufficient evidence to support his convictions; his applications were denied by the federal district court for the Eastern District of Louisiana.[5] His application for a certificate of appealability to the United States Fifth Circuit Court of Appeals was denied on the grounds that he had not made a substantial showing of the denial of a constitutional right; a motion for reconsideration was also denied.[6] Schwehm has since served his sentence and completed the conditions of his probation.
Shortly after being sentenced, Schwehm filed this legal malpractice action against Jones and Farmer, claiming their failure to properly investigate, prepare, and present his defense in the criminal proceedings injured him. He sought damages for mental anguish, loss of freedom during incarceration and probation, lost income and wages, potential loss of his license to practice law, legal fees paid to Farmer and Jones, court costs in the criminal proceedings, and legal fees required for post-conviction motions in state and federal courts. After some discovery, both defendants filed motions for summary judgment. Farmer's motion was supported with copies of documents and decisions from the *1143 criminal proceedings in state and federal court, along with copies of decisions from other jurisdictions addressing the issues raised in the motion. Schwehm opposed the motions with his own affidavit, in which he reiterated the allegations of his petition. After a hearing, both motions were granted by the trial court, dismissing Schwehm's claims against Farmer and Jones with prejudice.
In oral reasons, the trial court stated:
I think in this case that to rule in favor of the plaintiff ... would require me almost to reject the reason[s] of the District Court and the Court of Appeal and the Supreme Court to rule in favor of the plaintiff.
* * *
We have already provided for the ineffective remedy, the ineffective assistance of counsel. And I don't see why we should revisit that question. And if it means that the state of Louisiana now has the exoneration rule, so be it. But I think to fulfill the requirements of justice in Louisiana that we put an end to these proceedings as quickly as we possibly can. In this case I think that it's clear. In all of the remedies that the plaintiff has gone through to satisfy his request to file a malpractice suit against these two attorneys, clearly the courts in all of those cases have rejected his contentions that he was ineffectively assisted in his criminal proceedings.
Schwehm appealed, claiming the trial court erred in concluding that his case against his former criminal defense counsel "should be dismissed for the sole reason that he was not exonerated after his conviction in the trial court." He argues that in ruling on the motions, the court should have relied on Louisiana law, which does not recognize the "exoneration rule," which is that in order for a plaintiff to claim legal malpractice based on representation in a criminal case, he must prove that he was exonerated after being convicted. Schwehm contends the issue is not whether he was convicted, but whether or not he was wrongly convicted as a result of the legal malpractice.
Jones and Farmer urge this court to establish new legal precedent in Louisiana by recognizing the exoneration rule. They argue that this is the position taken in seventeen other states, and that only four states have rejected the exoneration rule in legal malpractice cases arising out of representation in a criminal matter. They urge that under this jurisprudence, an essential element of Schwehm's claim is proof of innocence or exoneration in post-conviction proceedings; failing either, he cannot prove that his damages were caused by his former attorneys, rather than by his own criminal acts. They further contend that every fact raised by Schwehm in this case to establish legal malpractice was also raised by him in pleading ineffective assistance of counsel to the trial court in his criminal case, to this court on appeal of his convictions, and to the federal court, and that all of his claims were thoroughly addressed and rejected in those proceedings. Finally, Jones and Farmer claim the decisions made in presenting his defense in the criminal case were carefully considered judgment calls and trial strategies, which cannot form the basis of a malpractice claim against them simply because the intended result was not achieved.

APPLICABLE LAW
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Jarrell v. Carter, 632 So.2d 321, 323 (La.App. 1st Cir.1993), writ denied, 94-0700 (La.4/29/94), 637 So.2d 467. The summary judgment procedure is favored *1144 and is designed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966(A)(2); Rambo v. Walker, 96-2538 (La.App. 1st Cir.11/7/97), 704 So.2d 30, 32. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B); Collins v. Randall, 02-0209 (La.App. 1st Cir.12/20/02), 836 So.2d 352, 354. In determining whether summary judgment is appropriate, appellate courts conduct a de novo review of the evidence, employing the same criteria that govern the district court's determination of whether summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1st Cir.6/20/97), 696 So.2d 1031, 1035, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29.
The initial burden of proof is on the moving party. However, on issues for which the moving party will not bear the burden of proof at trial, the moving party's burden of proof on the motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the nonmoving party must produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial; failure to do so shows that there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2); Clark v. Favalora, 98-1802 (La.App. 1st Cir.9/24/99), 745 So.2d 666, 673. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Zeringue v. Karl Ott Poles & Pilings, 00-0522 (La.App. 1st Cir.5/11/01), 808 So.2d 628, 631.
To establish a prima facie case for legal malpractice, a plaintiff must prove there was an attorney-client relationship, the attorney was guilty of negligence in his handling of the client's case or professional impropriety in his relationship with the client, and the attorney's misconduct caused the client some loss or damage. See Prestage v. Clark, 97-0524 (La. App. 1st Cir.12/28/98), 723 So.2d 1086, 1091, writ denied, 99-0234 (La.3/26/99), 739 So.2d 800. When the attorney's performance falls below the standard of competence and expertise usually exercised by other attorneys in handling such matters, the attorney is liable for any damage to the client caused by his substandard performance. The proper method of determining whether an attorney's malpractice is a cause in fact of damage to his client is whether the proper performance of that act would have prevented the damage. Ault v. Bradley, 564 So.2d 374, 379 (La. App. 1st Cir.), writ denied, 569 So.2d 967 (La.1990).
In order to reverse a conviction on the grounds of ineffective assistance of counsel, the defendant must show that counsel made errors so serious that the defense was prejudiced, such that the defendant was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694, 104 S.Ct. 2052.

DISCUSSION
At the outset, we note that the factual premise underlying Schwehm's assignment of error to this court is somewhat misleading; it is clear from the trial court's oral reasons that reliance on the exoneration rule was not the "sole reason" for the *1145 dismissal of his claims against his former attorneys. The trial court's offhand remark, "so be it," suggests merely that the court would have no objection if its judgment on the motions were interpreted as an application of the exoneration rule. The oral reasons show the more persuasive factor underlying the trial court's judgment on the motions was that all of Schwehm's claims against his former attorneys had already been thoroughly considered, analyzed, and rejected by the trial court on his motion for new trial in the criminal case, by this court on appeal of his convictions, and by the federal district court on his application for a writ of habeas corpus. Therefore, it was not just the exoneration rule that influenced the trial court when it granted the motions for summary judgment.
Be that as it may, when reviewing a judgment on a motion for summary judgment, this court is not bound by whatever influenced or did not influence the trial court, but conducts a de novo review to determine whether the mover is entitled to judgment as a matter of law. Schwehm's petition alleges that the defendants failed to exercise the degree of care, skill, and diligence possessed and exercised by practicing attorneys in this jurisdiction and, but for the negligence of the defendants, he would not have been convicted of the criminal charges. All the damage claimed by Schwehm was ultimately attributable to his conviction in the criminal case. Essentially, what the defendants argued on the motions for summary judgment was that unless Schwehm could prove his innocence or show that he was exonerated in post-conviction proceedings, he could not establish an essential element of his claim against them, namely, that their actions or inactions caused his conviction and thereby caused his damage. The issue of causation is not one that the defendants would bear at trial. Therefore, this court must examine the evidence submitted by the defendants on the motion for summary judgment to determine whether it showed there was an absence of factual support for this essential element of Schwehm's claim. If we conclude that such a showing was made, we must then determine whether Schwehm produced factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial on the causation issue. If he did not, his failure to do so would show that there was no genuine issue of material fact and that the trial court's judgment on the motions was correct.
When we examine the information submitted in support of the motions, we learn that after Schwehm was convicted, he filed a motion for new trial alleging ineffective assistance of counsel. In that motion, he raised virtually all of the same claims that form the basis of his petition in this case. According to the trial court's reasons for judgment on the motion for new trial, there was a two-day trial on the motion, at which Schwehm "produced numerous witnesses and vigorously argued the claim of ineffective assistance of counsel." At the hearing on the motion, the trial court heard from persons Schwehm claimed should have been called to testify in his defense. After hearing everything these persons had to say, the trial court concluded their testimony would not necessarily have been helpful to Schwehm and that his defense attorneys were justified in not calling them. Both Farmer and Jones testified at that hearing, indicating they felt that Schwehm was too talkative and would not have made a good witness on his own behalf and that his other proposed witnesses would offer mixed messages to the jury. They also said that Schwehm, himself an attorney, was very involved in the defense of his case and had agreed with their trial strategy not to call any witnesses and not to put him on the stand.
*1146 The trial court's written reasons stated, in summary:
The Court finds that trial counsel spent many hours working on the defense of this case and vigorously argued pretrial motions. Though they may not have questioned all possible witnesses before trial, they were fully aware of their possible testimony. Counsel did not feel there were any material fact witnesses who would be helpful to the defense including the defendant himself. The defendant did not bring any witnesses to the motion hearing who could have offered evidence at trial to exonerate him. Without material fact witnesses to support defendant, the decision not to call character witnesses or the defendant is a trial strategy which cannot be questioned in hindsight. The failure of a trial strategy does not necessarily mean that counsel was ineffective.
After review of the evidence and testimony produced at the motion hearing, the Court finds defendant has failed to prove his trial counsels' performances were deficient or that he was prejudiced by these deficiencies. The defendant has failed to prove either part of the two prong test for ineffective counsel set forth in Strickland ....
On appeal, this court again reviewed the same allegations of negligence on the part of Schwehm's criminal defense attorneys, noting that his main complaints concerned their failure to put him or any other witnesses on the stand. After reviewing Schwehm's testimony from the hearing on the motion for new trial, as well as the testimony of the witnesses he called at that hearing, this court concluded that his evidence was not sufficient to demonstrate that his attorneys were ineffective in not calling any of these witnesses. See Schwehm, 713 So.2d at 706. With reference to the lack of testimony concerning his belated attempt to pay part of the litter fees to the police jury in 1994, this court found little probability that evidence of that remittance would have affected the outcome of the trial, particularly when considered with substantial other evidence at his criminal trial showing Schwehm had intentionally used that money for his own benefit. This court also noted that the decision to call or not call a certain witness is a matter of trial strategy and, even if that trial strategy is unsuccessful, such a decision is not evidence of ineffective counsel. See Schwehm, 754 So.2d at 268.
The report and recommendations of the federal magistrate who reviewed Schwehm's habeas corpus application shows that every one of his claims concerning ineffective assistance of counsel was thoroughly researched, analyzed, and rejected. In addition to the issues concerning his attorneys' failure to call him or other witnesses in his defense, the magistrate examined the issues of failure to file a motion for a bill of particulars, failure to file a motion to quash or object to the admission of certain of Schwehm's files labeled as "peace bond files," and failure to present evidence of an escrow account he purportedly maintained for the purpose of reimbursing the police jury for the litter fines. The magistrate found none of these claims satisfied the Strickland requirements.
Every time Schwehm's claims were reviewed, the reviewing court determined that even if his allegations were true, the facts presented did not amount to unprofessional or negligent conduct on the part of his attorneys, much less that some different course of action would have led the jury to conclude he was innocent. We conclude, therefore, that the evidence submitted in support of the motions for summary judgment showed there was an absence of factual support for two essential elements of Schwehm's claim: (1) that his attorneys were negligent in presenting his *1147 defense; and (2) that their negligence caused him to be convicted. Schwehm's affidavit merely restates the allegations in his petition, all of which have previously been addressed and rejected by this court and others. Accordingly, it does not provide factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial on either the negligence or the causation issue. Therefore, there was no genuine issue of material fact, and the motions for summary judgment were properly granted.[7]

CONCLUSION
Based on the foregoing, the judgment is affirmed. All costs of this appeal are assessed against Schwehm.
AFFIRMED.
NOTES
[1] Both counts were alleged to be violations of LSA-R.S. 14:134, which proscribes malfeasance in office. These were the only two counts that were prosecuted; there were other counts that were severed, but not dismissed.
[2] State v. Schwehm, 97-1544 (La.App. 1st Cir.5/15/98), 713 So.2d 697, writ granted, 98-1599 (La.11/13/98), 728 So.2d 872, and writ denied, 98-1942 (La.11/13/98), 730 So.2d 933. The opinion of this court also considered and disposed of several assignments of error dealing with ineffective assistance of counsel that applied to both of the criminal counts; additional assignments of error were pretermitted, because they applied to the litter fee count only.
[3] State v. Schwehm, 98-1599 (La.3/19/99), 729 So.2d 548.
[4] State v. Schwehm, 97-1544 (La.App. 1st Cir.9/24/99), 754 So.2d 264, writ denied, 99-2964 (La.3/31/00), 759 So.2d 68.
[5] Schwehm v. State, 99-2622 c/w 00-2263 (E.D.La.12/8/00)(unpublished). A copy of the magistrate's written recommendation, explaining why issuance of a writ of habeas corpus should be denied with prejudice, was attached to Farmer's motion for summary judgment.
[6] Schwehm v. State, 01-30273 (5th Cir. 5/21/01 & 7/11/01)(unpublished). Copies of the orders denying Schwehm's application and motion were attached to Farmer's motion for summary judgment.
[7] In so concluding, we decline the defendants' invitation to adopt the "exoneration rule," as it is unnecessary to do so in order to affirm the judgment in this case.