892 So.2d 662 (2004)
Rosalie GROSS and Lori Gross Clark
v.
Larry C. PIENO and ABC Insurance Company, Rosalie Hinyub, Wife of/and Clair Gross Individually and In Their Capacity as Administrator of the Estate of Lori Gross
v.
Terry Braun, Carol Braun, Iona Hebert, the ABC Insurance Company, Perry Braun and the CDE Insurance Company.
Nos. 04-CA-820, 04-CA-821.
Court of Appeal of Louisiana, Fifth Circuit.
December 28, 2004.
*663 Thomas M. Flanagan, Stacy S. Head, Stanley, Flanagan & Reuter, New Orleans, Louisiana, for Plaintiffs/Appellants.
John E. Galloway, Kimberly G. Anderson, Calloway, Johnson, Tompkins, Burr & Smith, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
Plaintiffs appeal from the trial court's ruling granting summary judgment in favor of defendant, dismissing their malpractice claim against him. For the reasons that follow, we affirm the decision of the trial court.
In 1989, plaintiffs hired Larry Pieno to represent them and their then minor daughter in a lawsuit. Pieno filed suit on behalf of the plaintiffs and worked on the litigation. In February of 1997, he filed an opposition to motions for summary judgment filed by some of the underlying defendants. Summary judgment was granted on February 20, 1997.
There is no action in the record until February 24, 2000, when Pieno filed a motion to set the matter for trial. On March 21, 2000, the defendants in the underlying suit filed a motion to dismiss on the grounds of abandonment. The trial court granted the motion on April 12, 2000.
On April 20, 2000, Pieno filed a motion to set aside the dismissal and a request for hearing. The trial court set a hearing for May 24, 2000, which was continued, first until August, and again without date.
While the hearing was pending, defendant Pieno engaged in settlement negotiations with defendants. Plaintiffs thereafter dismissed Pieno, and hired new counsel. Plaintiffs settled the underlying tort suit and then initiated this suit for malpractice.
After discovery, both parties filed a motion for summary judgment in this matter. The plaintiffs argued that the undisputed facts in this case reflect that the litigation was abandoned as a matter of law. Pieno argued that because the plaintiffs did not pursue the hearing on the issue of abandonment in the underlying suit, and instead settled the matter, they were estopped from pursuing a malpractice claim.
The trial court denied the summary judgment filed by plaintiffs, granted summary judgment in favor of the defendant, and dismissed the malpractice suit. In this appeal, the plaintiffs allege error in the ruling of the trial court.
*664 A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). The summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action...." La. C.C.P. art. 966(A)(2).
This court's review of a grant or denial of a motion for summary judgment is de novo. Thus, we ask the same questions as the district court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
Ocean Energy, Inc. v. Plaquemines Parish Government, 04-0066 (La.7/6/04), 880 So.2d 1, 5.
In this appeal, plaintiffs allege that the trial court committed error in failing to rule that the underlying suit was abandoned, and in finding that they were estopped from pursuing their malpractice claim by the settlement with defendants in the underlying matter. Defendant argues that the trial court correctly ruled that plaintiff was estopped, citing the case of Murphy v. Gilsbar, Inc., 02-0205 (La.App. 1 Cir. 12/31/02), 834 So.2d 669, writ denied 03-0676 (La.5/30/03), 845 So.2d 1057. Defendant further argues that there were sufficient issues of fact as to whether the original action had been abandoned, and therefore the trial court did not err in denying plaintiff's motions.
In the case of Murphy v. Gilsbar, Inc., plaintiff's underlying suit was dismissed on summary judgment as prescribed. As a result, plaintiff filed suit against her attorney for malpractice. In the underlying suit, defendant filed a motion for "consideration" of the previous judgment, advising the court that its prior summary judgment motion was ill founded. Plaintiff's attorney attempted to intervene, but his motion was denied on lack of standing since he'd been dismissed by plaintiff. Plaintiff did not participate in the hearing on the validity of the dismissal of her suit.
Thereafter, the attorney filed a motion for summary judgment in the malpractice action, alleging that plaintiff's failure to participate in the underlying proceedings operated to estop her from pursuit of the legal malpractice claim. The trial court agreed, stating that "She [plaintiff] has a chance to get it resurrected and maybe it will, maybe it won't."
On appeal, the court said that
Equitable estoppel is defined as the effect of the voluntary conduct of a party by which he is barred from asserting rights or defenses against another party justifiably relying on such conduct and causing him to change his position to his detriment as a result of such reliance. The three elements of estoppel are: (1) a representation by action or word, (2) justifiable reliance on the representation, and (3) a change in position to one's detriment because of the reliance. John Bailey Contractor, Inc. v. State, Dep't of Transp. and Dev., 439 So.2d 1055 (La.1983); Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975).
834 So.2d at page 672.
In this case, it is undisputed that the original judgment of abandonment was set for a hearing. It is likewise undisputed that plaintiffs chose not to move forward with that hearing. It is further undisputed that the underlying defendants and plaintiff engaged in settlement negotiations, and actually confected a settlement agreement of the underlying suit, and that *665 it was this settlement that terminated the litigation in the underlying suit.
A claim is considered abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. La. C.C.P. art. 561. In Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, 784, the court said:
Article 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without court order. To avoid a possible waiver of the right to assert abandonment, a defendant is instructed by Article 561 on the proper procedure to utilize to obtain an ex parte order of dismissal. If despite some action by defendant during the three-year period that arguably constitutes a waiver the judge signs the ex parte dismissal order, the proper procedural mechanism is for the plaintiff to "rule defendant into court to show cause why the ex parte dismissal should not be vacated, alleging ... the court inadvertently dismiss[ed] the suit without noticing that defendant has taken a step in the defense of the suit within the previous [three] years." La. C. Civ. Pro. art. 561, cmt. (c)(1960).
Construing Comment (c) to Article 561, former Justice (then Judge) Tate expounded that "an ex parte dismissal may be rescinded by rule to vacate it upon a showing that a cause outside the record prevented accrual of the five years required for abandonment." DeClouet v. Kansas City Southern Railway Co., 176 So.2d 471, 476 (La.App. 3rd Cir.1965)(Tate, J., dissenting from denial of reh'g)(emphasis supplied). Only two categories of causes outside the record are permitted; namely, those causes falling within the two jurisprudential exceptions to the abandonment rule. Those two exceptions are: (1) a plaintiff-oriented exception, based on contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. (footnotes omitted.)
Pieno argues that both exceptions were applicable in the underlying litigation. He alleges that the plaintiff's minor daughter had become a major, and was unable to be located due to her drug addictions and relocations. He further argues that the plaintiffs' actions in negotiating and settling the suit once the abandonment order had been vacated waived their right to assert abandonment, as these actions were inconsistent with an intent to treat the case as abandoned. Plaintiff's counter that their actions were done in an attempt to mitigate damages, as they had obtained an opinion from a law professor that the abandonment had merit.
After consideration of the undisputed facts in this record, we find that the trial court did not commit error in ruling that plaintiffs were estopped from proceeding with the malpractice claim. The trial court noted that the plaintiffs, by failing to participate in the hearing on the abandonment motion, precluded the opportunity to litigate the abandonment issue, stating that "I'm supposed to have been given the opportunity on behalf of whoever would seek it, to determine whether or not there may have been reasons why there was no action on the record taken in the matter. What I find interesting is that we'll never know because the Grosses decided to take a check rather than attend the Hearing."
*666 The trial court also considered the fact that the defendants in the tort suit, who alleged abandonment in the first place, were also willing to settle the matter rather than go to hearing on the issue of abandonment, and thus the court was also denied the opportunity to determine whether the defendants' actions waived their right to seek abandonment.
Based on the undisputed facts of this case, we find no error in the trial court's ruling granting Pieno's motion for summary judgment and dismissing this case. Accordingly, the trial court's ruling granting judgment in favor of defendant, Larry Pieno, is affirmed.
AFFIRMED.