979 So.2d 494 (2007)
Dan FRISARD
v.
STATE FARM FIRE AND CASUALTY COMPANY; Porteous, Hainkel, Johnson and Sarpy Law Firm, LLP; William Lozes, and ABC and John Doe Insurance Company.
No. 2006 CA 2353.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
Dan Frisard, Metairie, LA, Appellant/Pro Se.
Thomas G. Buck, Metairie, LA, for Defendants/Appellees William C. Lozes and Porteous, Hainkel, Johnson, and Sarpy, Law Firm, LLP.
Before WHIPPLE, GUIDRY, and HUGHES, JJ.
*495 GUIDRY, J.
In this legal malpractice action, Dan Frisard appeals the trial court's judgment granting a motion for summary judgment in favor of Porteous, Hainkel, Johnson, and Sarpy Law Firm, LLP (the Porteous Law Firm) and William Lozes, and dismissing Frisard's claims for legal malpractice with prejudice. For the reasons that follow, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
This legal malpractice action arises from a real estate transaction, whereby Frisard agreed to purchase a home belonging to Jo Ann Ulmer, who was a real estate agent, and paid a $17,000.00 deposit. However, Frisard sought return of his deposit, or alternatively, diminution of the purchase price, due to an alleged misrepresentation regarding the property. Thereafter, Jo Ann Ulmer, individually and together with her husband, Louis J. Ulmer (the Ulmers), filed several suits against Frisard in the Twenty-Second and Twenty-Fourth judicial district courts.[1] Additionally, Frisard reconvened in these actions and asserted his own claims against the Ulmers.[2] Frisard's homeowner's insurer, State Farm Fire and Casualty Company (State Farm), appointed the Porteous Law Firm to defend Frisard in the actions asserted by the Ulmers. The Porteous Law Firm thereafter assigned William Lozes to handle Frisard's case.
The Porteous Law Firm and Lozes ultimately settled all of the Ulmers claims against Frisard within his policy limits. However, on July 8, 2003, Frisard filed a petition against the Porteous Law Firm, Lozes, and State Farm, seeking damages for legal malpractice and breach of contract. In his petition, Frisard asserted that the Porteous Law Firm and Lozes committed malpractice by failing, from 1995-2001, to properly defend Frisard against all legal causes of action filed against him by the Ulmers in the twenty-second and twenty-fourth judicial district courts. Particularly, Frisard asserted that the Porteous Law Firm and Lozes failed to timely file exceptions raising the objections of no right of action, no cause of action, and prematurity; failed to object to improper parties; failed to file a motion for summary judgment; failed to object to discovery pleadings filed by the Ulmers; failed to defend him in a subsequent motion for contempt and motion for sanctions filed by the Ulmers; and pressured him to attend negotiations in bad faith. As such, Frisard also asserted that State Farm breached its insurance contract by failing to provide effective legal counsel.
Thereafter, the Porteous Law Firm and Lozes filed a motion for summary judgment on June 9, 2004, asserting that the legal malpractice alleged in Frisard's action *496 was not simple and straightforward, that expert testimony was required to establish the standard of care of practicing attorneys in the locality, and that Frisard was unable to produce such testimony. Additionally, on June 6, 2005, Frisard filed a motion for partial summary judgment, asserting that the acts of the Porteous Law Firm and Lozes show obvious negligence for which expert testimony is not required to establish the standard of care, and requesting judgment in his favor, finding that the Porteous Law Firm and Lozes committed legal malpractice.
On the morning of June 23, 2006, prior to the hearing on these motions, Frisard filed a request for preliminary default judgment, which the trial court entered on June 26, 2006. However, the preliminary default judgment was not confirmed, and on July 24, 2006, the trial court signed a judgment in favor of the Porteous Law Firm and Lozes, dismissing Frisard's claims against them with prejudice.[3]
Frisard now appeals from this judgment and asserts that the trial court erred: in dismissing his legal malpractice petition, still in pre-trial discovery, because he failed to name a legal expert; in failing to hear and/or rule on his motion for partial summary judgment; and in failing to recognize a preliminary default judgment against the Porteous Law Firm and Lozes for their failure to answer his legal malpractice petition.

DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Schwehm v. Jones, 03-0109, p. 4 (La.App. 1st Cir.2/23/04), 872 So.2d 1140, 1143. The plaintiff or defendant in the principal or any incidental action may move for summary judgment in his favor. The plaintiff's motion may be made at any time after the answer has been filed; the defendant's motion may be made at any time. La. C.C.P. art. 966(A)(1). There is no requirement that discovery be completed before a party may move for summary judgment. Rather, the only requirement regarding discovery in the context of summary judgment is that the parties be given a fair opportunity to present their claims. Judsoa v. Davis, 04-1699, p. 13 (La.App. 1st Cir.6/29/05), 916 So.2d 1106, 1116, writ denied, 05-1998 (La.2/10/06), 924 So.2d 167.
The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Independent Fire Insurance Company v. Sunbeam Corporation, 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230-231. An appellate court reviews the district court's decision to grant or deny a motion for summary judgment de novo, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Lieux v. Mitchell, 06-0382, p. 9 (La.App. 1st Cir.12/28/06), 951 So.2d 307, 314, writ denied, 07-0905 (La.6/15/07), 958 So.2d 1199.
The initial burden of proof is on the moving party. However, on issues for which the moving party will not bear the *497 burden of proof at trial, the moving party must only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the nonmoving party must produce factual support sufficient to satisfy its evidentiary burden of proof at trial; if the nonmoving party fails to do so, there is no genuine issue of material fact. Schwehm, 03-0109 at p. 5, 872 So.2d at 1144. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Charlet v. Legislature of the State of Louisiana, 97-0212, p. 7 (La.App. 1st Cir.6/29/98), 713 So.2d 1199, 1203, writ denied, 98-2023 (La.11/13/98), 730 So.2d 934.
To establish a claim for legal malpractice, a plaintiff must prove: 1) the existence of an attorney client relationship; 2) negligent representation by the attorney; and 3) loss or damage caused by that negligence. Costello v. Hardy, 03-1146, p. 9 (La.1/21/04), 864 So.2d 129, 138. The standard of practice that an attorney must exercise in the representation of his client is that degree of care, skill, and diligence, which is exercised by prudent practicing attorneys in his locality. Ramp v. St. Paul Fire and Marine Insurance Company, 263 La. 774, 786, 269 So.2d 239, 244 (1972). With regard to the proof necessary to establish the requisite standard of care, this court stated in Watkins v. Sheppard, 278 So.2d 890, 892 (La.App. 1st Cir. 1973):
Expert testimony is certainly admissible to establish the standard of care based on practices of attorneys in the community. In certain cases the opinions of experts may be essential to prove the standard of care an attorney must meet. In many cases, however, the trial court, which is of necessity familiar with the standards of practice in its community, is competent to make such a determination without the assistance of expert witnesses. There may also be cases in which the failure of the practitioner to use due care under any reasonable standard of conduct may be so obvious as to make expert testimony unnecessary.
In the instant case, the Porteous Law Firm and Lozes moved for summary judgment, asserting that Frisard's claims for legal malpractice were complicated and required expert testimony for Frisard to establish the standard of care in this case, and Frisard was unable to produce such testimony. The Porteous Law Firm and Lozes attached Frisard's responses to interrogatories, wherein Frisard states that he had contacted experts in legal malpractice, and that such names may be provided at a later date.[4]
In opposition to the motion for summary judgment, Frisard submitted his own affidavit testimony with attached exhibits. In his affidavit, Frisard states that Lozes was his attorney of record. Additionally, Frisard states that Lozes failed to file responsive pleadings to Louis J. Ulmer's motion for contempt and motion for sanctions, which was filed because of Frisard's failure to produce his income tax returns as ordered, and also failed to appear and defend *498 Frisard at the hearing on these motions. Frisard states that as a result, the trial court entered a judgment holding him in contempt of court and ordering him to be detained in the St. Tammany Parish Jail until he complied with the court's discovery order. Frisard attached to his affidavit answers to the Ulmers's interrogatories and requests for production of documents, filed in case number 89-16052, which were submitted by Lozes on behalf of Frisard and reference the Ulmer's request for Frisard's tax returns. Additionally, Frisard attached the trial court's judgment on Louis J. Ulmer's motion for contempt and motion for sanctions, also in case number 89-16052, indicating that Frisard appeared pro se at the hearing on the motions, finding Frisard in contempt of court for failing to provide the Ulmers with copies of his tax returns, and ordering him to report to the St. Tammany Parish Jail to be detained until he provided the requested tax returns.
From our review of the record, and the law as outlined above, we find that the trial court erred in granting summary judgment in favor of the Porteous Law Firm and Lozes. While the facts surrounding this case are complicated, and therefore, most of Frisard's claims for legal malpractice would probably require an expert to testify as to the standard of care to be exercised under the circumstances, one of Frisard's allegations in his petition is that the Porteous Law Firm and Lozes failed to file responsive pleadings to a motion for contempt and motion for sanctions filed by Louis J. Ulmer and also failed to appear and defend Frisard at the hearing on these motions. To the extent that Frisard produced evidence indicating that Lozes was his attorney of record, that Lozes filed pleadings on behalf of Frisard relating to the Ulmer's request for Frisard's tax returns, that Lozes failed to appear and defend Frisard at the hearing on the motion for contempt and motion for sanctions related to Frisard's failure to produce these tax returns, and that a judgment was subsequently rendered against Frisard on these motions, whereupon Frisard was ordered to spend time in the St. Tammany Parish Jail, we find that Frisard produced factual support sufficient to satisfy his evidentiary burden of proof at trial.
The fact that he failed to name an expert, or that he did not submit expert testimony in opposition to the motion for summary judgment, is immaterial, since the failure to appear and defend a client, when that client faces substantial ramifications, is an obvious act of professional negligence for which no expert testimony is needed.[5]See Watkins, 278 So.2d at 892. Accordingly, the trial court erred in granting the Porteous Law Firm and Lozes's motion for summary judgment.
In addition to the motion for summary judgment filed by the Porteous Law Firm and Lozes, Frisard filed a motion for partial summary judgment requesting that the trial court find the Porteous Law Firm and Lozes's obvious acts of negligence constituted legal malpractice. The trial court did not rule on Frisard's motion, and its silence on this issue is deemed a rejection. See Junot v. Morgan, XXXX-XXXX, p. 4 (La.App. 1st Cir.2/20/02), 818 So.2d 152, 156. However, from our de *499 novo review of the record, we find that there are genuine issues of material fact, which preclude the granting of a partial summary judgment in favor of Frisard.[6]
In opposing Frisard's motion for partial summary judgment, the Porteous Law Firm and Lozes referred to a letter sent by Lozes to Frisard, which was attached to Frisard's affidavit, wherein Lozes details, among other things, the limits of his representation. Specifically, Lozes states that he does not represent Frisard in any of Frisard's causes of action against the Ulmers. Further, the record contains supplemental responses to Frisard's request for admissions, wherein the Porteous Law Firm and Lozes state that the discovery for which Frisard was held in contempt of court was related to Frisard's claims that he was advancing against the Ulmers, which is corroborated by the caption on the discovery responses and the contempt judgment, and was not within the scope of the Porteous Law Firm and Lozes's representation of Frisard.
As stated above, in order to find an attorney was negligent in his representation of a client, a plaintiff must first establish that an attorney-client relationship existed. See Costello, 03-1146 at p. 9, 864 So.2d at 138. The existence of an attorney-client relationship turns largely on the client's subjective belief that it exists, which is necessarily a factual determination. See Francois v. Reed, 97-1328, p. 4 (La.App. 1st Cir.5/15/98), 714 So.2d 228, 230. Accordingly, because there is conflicting evidence in the record on this issue, a partial summary judgment is inappropriate.

CONCLUSION
For the foregoing reasons, the judgment of the trial court, granting summary judgment in favor of the Porteous Law Firm and Lozes and dismissing Frisard's claims against them with prejudice, is reversed and this matter is remanded to the trial court for further proceedings. All costs of this appeal are to be borne by the appellees, Porteous, Hainkel, Johnson, and Sarpy Law Firm, LLP and William Lozes.
REVERSED AND REMANDED.
WHIPPLE, J., concurs for the reasons assigned by Judge HUGHES.
HUGHES, J., concurs with reasons.
HUGHES, J., concurring.
I respectfully concur. The purpose of an expert witness is to assist the factfinder in understanding the evidence. This is not a medical malpractice case. It is not, as is so often urged, "complicated." It does involve contested facts which presumably should be decided the same anywhere in Louisiana today.
NOTES
[1] The litigation involved in this case spans over twenty years and involves issues such as: the retention of Frisard's $17,000.00 deposit; defamation, libel, and slander for Frisard's assertions in the bankruptcy proceeding; annulment of a sheriff's sale of a piece of immovable property owned by the Ulmers, located at 16 Denni Court in Covington, Louisiana ("Denni property"), which mortgage interest was awarded to Frisard in the bankruptcy proceeding to satisfy the judgment in favor of Frisard; and an award for damages related to the seizure and sale of the Denni property.
[2] Frisard obtained a judgment in his favor regarding the return of his $17,000.00 deposit. However, Frisard was unable to execute on this judgment because the Ulmers filed for bankruptcy. Accordingly, in addition to participating in the district court litigation, Frisard also participated as a claimant in the bankruptcy proceedings in the United States District Court for the Eastern District of Louisiana.
[3] The judgment emphasized that only the claims against the Porteous Law Firm and Mr. Lozes were dismissed. Accordingly, this is a final judgment pursuant to La. C.C.P. art. 1915(A)(1), since State Farm's claims have not been adjudicated.
[4] The record also contains supplemental responses to interrogatories listing several potential legal experts. The Porteous Law Firm and Lozes filed a supplemental memorandum in support of their motion for summary judgment, which addresses the deficiencies of these supplemental responses. Neither party on appeal asserts that Frisard in fact had an expert at the time of the motion for summary judgment. Rather, Frisard contends that an expert is not necessary because the negligence on the part of the Porteous Law Firm and Lozes is obvious.
[5] Because we find that the trial court erred in granting summary judgment, we pretermit Frisard's assignment of error regarding the trial court's failure to give effect to a preliminary default judgment.
[6] Louisiana Code of Civil Procedure article 966(A)(1) clearly states that the plaintiff may move for summary judgment at any time after the answer has been filed. At the time Frisard filed his motion for partial summary judgment, the Porteous Law Firm and Lozes had not filed an answer to Frisard's petition. However, the Porteous Law Firm and Lozes waived any objection to this defect by filing an opposition to Frisard's motion for partial summary judgment. See American Bank & Trust Company v. International Development Corporation, Inc., 506 So.2d 1234, 1236 (La. App. 1st Cir. 1987).