834 So.2d 669 (2002)
Ann MURPHY
v.
GILSBAR, INC., et al.
No. 2002 CA 0205.
Court of Appeal of Louisiana, First Circuit.
December 31, 2002.
Rehearing Denied February 3, 2003.
*670 R. Bruce Macmurdo, Baton Rouge, for PlaintiffAppellant Ann Murphy.
Murphy J. Foster, III, Cade A. Evans, Baton Rouge, for DefendantAppellee Denise Vinet.
Before: FOIL, FOGG, and KLINE,[1] JJ.
FOGG, J.
By this appeal, the plaintiff contests the dismissal of her suit for legal malpractice. For the following reasons, we affirm.
The instant case involves a claim of legal malpractice that arises from Denise Vinet's former representation of Ann Murphy in an employment discrimination action against Ciba-Geigy Corporation. The petition was filed on February 25, 1997 in the Eighteenth Judicial District Court, and later removed to the United States District Court, Middle District of Louisiana.
During a status conference before a federal magistrate, Vinet was informed that Murphy's claim was untimely pursuant to 42 U.S.C. § 2000e-5(f)(1). Counsel for Ciba-Geigy, then, asked Vinet to voluntarily dismiss Murphy's claim, which she refused to do. Vinet advised Murphy that her claim appeared to lack merit, that she no longer wished to represent her, and that she could expect Ciba-Geigy to file a motion asserting that Murphy's claim was not timely. On August 14, 1997, Murphy's husband picked up her file from Vinet's office and signed a release that stated, in pertinent part, "I am picking up the file of Ann Murphy on this day. I will take over any legal actions that may arise in the Ann Murphy case from this day (7/12/97) forward."
On August 22, 1997, Ciba-Geigy filed a motion for summary judgment, asserting Murphy's claims were prescribed. On October 16, 1997, Chief Judge John V. Parker granted Ciba-Geigy's motion and dismissed Murphy's lawsuit.
On April 22, 1998, Murphy filed the instant lawsuit against Vinet, alleging that *671 Vinet committed malpractice by "allowing plaintiff's suit to be dismissed." Upon review of the facts and circumstances surrounding Murphy's legal malpractice claim against Vinet, it was discovered that Murphy's original suit against Ciba-Geigy was in fact timely filed.
On June 25, 1998, counsel for Ciba-Geigy filed a motion for consideration of previous judgment, informing Judge Parker that its previously filed motion for summary judgment was ill-founded as Murphy's lawsuit against Ciba-Geigy was timely. On July 29, 1998, Vinet filed a motion for intervention and a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), seeking relief from judgment on Ciba-Geigy's motion for summary judgment and reinstatement of Murphy's original lawsuit due to the mistake of fact concerning the timeliness of Murphy's original lawsuit.
The matter was heard on October 16, 1998. On November 4, 1998, Judge Parker denied Vinet's motions, noting that she did not have standing to intervene. The court stated that only Murphy had standing to assert such an action. Then, the court dismissed Ciba-Geigy's motion to reinstate the employment discrimination suit. The court stated:
In order to insure that Ms. Murphy was aware of the ensuing activity in this litigation in this court, a hearing was held on October 16, 1998, of which Ms. Murphy was personally given notice. In response, Ms. Murphy, both verbally and through a letter filed with this court, has stated that Ms. Vinet is no longer acting on her behalf and she does not have an attorney to represent her in this case. Ms. Murphy did not appear at the October 16 hearing.
On February 9, 2001, Vinet filed a motion for summary judgment in the suit for legal malpractice, asserting that due to Murphy's intentional failure to participate in proceedings in federal court she was estopped from asserting her right to pursue the legal malpractice action.
The trial judge granted the motion for summary judgment. In his oral reasons, the trial judge stated:
I find it's an absolute estoppel case here....
....
... so she wants to sue Ms. Vinet because she didn't get her suit filed, when she couldn't bring the action. She has a chance to get it resurrected and maybe it will, maybe it won't. But, she says, I don't care about bringing my suit anymore now, I want to sue her for malpractice. Not for not beingnot for the discrimination claim, I don't care about that anymore, but now for the malpractice. And, I think that's an absolute estoppel there. I think she owes a duty to herself to make that appearance. Even without an attorney, she was given personal notice to be there. You come. You come. She did not come.
Murphy appeals.
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 966(B). On appeal, summary judgments are reviewed de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Sunrise Construction and Development Corporation v. Coast Waterworks, Inc., 00-0303 (La.App. 1 Cir. 6/22/01), 806 So.2d 1, writ denied, 01-2577 (La.1/11/02), 807 So.2d 235.
*672 Equitable estoppel is defined as the effect of the voluntary conduct of a party by which he is barred from asserting rights or defenses against another party justifiably relying on such conduct and causing him to change his position to his detriment as a result of such reliance. The three elements of estoppel are: (1) a representation by action or word, (2) justifiable reliance on the representation, and (3) a change in position to one's detriment because of the reliance. John Bailey Contractor, Inc. v. State, Dep't of Transp. and Dev., 439 So.2d 1055 (La.1983); Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975).
It is undisputed that Murphy was informed of all of the federal court proceedings from June 25, 1998 forward, either through her attorney of record in the malpractice matter or personally. Vinet's attorney wrote several letters to Murphy's attorney and stressed the need for Murphy to personally join in the proceedings to have her case reinstated. Additionally, the federal court contacted Murphy.
Notwithstanding Vinet's and the federal court's attempts to involve Murphy in the hearing on the reconsideration of the previous judgment, Murphy declined to participate. In a letter she sent to the federal court, Murphy stated, "I have filed a legal malpractice claim against my former attorney Denise Vinet.... I do not have any attorney to represent me in the case against Ciba-Geigy which was dismissed. Ms. Vinet and Mr. Foster are not acting on my behalf."
Murphy's entire action for malpractice against Vinet rested on the allegation that Vinet allowed the action for employment discrimination to prescribe. Murphy's refusal to participate in the hearing in federal court indicated she no longer had an interest in her discrimination suit. Her inaction precluded the revival of that action, an event that neither Vinet nor Ciba-Geigy could affect as they lacked standing. Clearly, the trial court did not err in concluding that, by refusing to participate in the hearing that could have resurrected her discrimination suit, Murphy waived her right to proceed with her malpractice suit.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against Ann Murphy.
AFFIRMED.
NOTES
[1] Retired Judge William F. Kline, Jr. is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.