WHIPPLE, J.
12This matter is before us on appeal by plaintiff, Dawn Marie Brassette, from a judgment of the trial court denying plaintiffs motion for summary judgment and granting the motion for summary judgment filed by defendants, Hugh B. Exnic-ios and the Exnicios Legal Center (collectively, “defendant”). For the following reasons, the judgment of the trial court is reversed and the matter is remanded to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
Brassette retained Exnicios, the sole owner and proprietor of the Exnicios Legal Center, to represent her in her claim against the United States of America, through the U.S. Food and Drug Administration and General Services Administration (“FDA”), and their employee, Alex S. Davis, for injuries sustained by Brassette on August 17, 2005, as a result of an automobile accident with Davis, who was acting within the course and scope of his employment at all pertinent times.
Defendant filed a lawsuit on behalf of Brassette on August 7, 2007, in the United States District Court for the Eastern District of Louisiana, bearing civil action number 07-4016. On August 4, 2008, counsel for the FDA filed a motion in the civil action captioned, “United States’ Motion to Limit the Ad Damnum,” which was set for hearing on August 27, 2008, at 10:00 a.m. before the Honorable Martin L.C. Feld-man, United States District Judge, Section F. On August 25, 2008, Judge Feldman issued an “Order” stating that Local Rule 07.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and a copy be delivered to chambers eight days prior to the date set for hearing on the motion, and that no memorandum in opposition had been timely submitted on behalf of Brassette by defendant. Thus, the defendant’s failure to timely file an opposition resulted in the matter at issue in the motion being ] adeemed submitted and unopposed. Accordingly, the motion was granted as unopposed, thereby limiting Brassette’s claim for recovery to $30,000.00, which Brassette now contends was far lower than the amount of damages she was actually entitled to, considering the injuries she sustained as a result of the accident.
According to Brassette, Exnicios subsequently called her to advise that he had settled her case for $22,000.00, although Brassette: (1) had not been consulted and had given no authority for him to do so, and (2) was still seeking treatment for her injuries. On October 2, 2008, Brassette wrote a letter to Judge Feldman, wherein she stated in part:
I am represented by [defendant] in the captioned lawsuit where he claims to have settled my case for $22,000.00 without my permission. I told him he had no authority to do so, but he said there was nothing I could do about it.
*1080 By letter dated November 13, 2008, Brassette terminated defendant’s representation of her in the underlying matter, advising defendant that she was “no longer in need of [his] counsel as ordered by Judge Feldman” and requesting that her original -files be forwarded to her as soon as possible. Brassette subsequently entered a settlement agreement with the FDA for $22,000.00 on November 14, 2008, whereby she agreed to “settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above captioned action under the terms and conditions set forth in the Settlement Agreement.”
On December 10, 2008, Brassette filed the instant petition, asserting a claim for legal malpractice against defendant and defendant’s insurer and requesting damages for the loss of her claim due to the incompetence and malpractice of defendant. On September 21, 2009, Brassette filed a motion for partial summary judgment, contending that the defendant’s failure to file an ^opposition to the FDA’s motion to limit damages, in and of itself, constituted negligence, which was exacerbated by the defendant’s failure to obtain a copy of the medical report of her treating chiropractor. On June 15, 2010, defendant filed a motion for summary judgment, contending that because Brassette settled the underlying case, her legal malpractice claims were preempted pursuant to LSA-R.S. 9:5605,[1] and further contending that contested issues of material fact remained, which precluded summary judgment in her favor.
The cross-motions for summary judgment were argued before the trial court on March 30, 2011, at the conclusion of which the trial court denied Brassette’s motion for summary judgment and granted defendant’s motion for summary judgment. In granting the defendant’s motion for summary judgment, the trial court noted that Brassette’s legal malpractice claim against defendant was not preempted, but that nonetheless, Brassette’s November 14, 2008 compromise settlement and release contained no reservation of rights by Bras-sette, thereby entitling defendant to summary judgment as a matter of law. A judgment conforming to same and dismissing Brassette’s claims was signed by the trial court on April 6, 2011.
Brassette now appeals, contending that the trial court erred in granting defendant’s motion for summary judgment where material issues of fact remain, and in holding that Brassette’s settlement of the underlying case in federal court 1 ^precludes her from bringing a legal malpractice action against her former counsel.[2]
*1081 DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil Inc., 96-1751 (La.App. 1st Cir.6/20/97), 696 So.2d 1031, 1084, writ denied, 97-1911 (La.10/81/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). Summary judgment is favored and “is designed to secure the just, speedy, and inexpensive determination of every action.” LSA-C.C.P. art. 966(A)(2).
The burden of proof on a motion for summary judgment remains with the mov-ant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will ] fibe able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2).
The initial burden of proof remains with the mover, and it is not shifted to the non-moving party until the mover has properly supported the motion and carried the initial burden of proof. Only then must the non-moving party submit evidence showing the existence of specific facts establishing a genuine issue of material fact. See Scott v. McDaniel, 96-1509 (La.App. 1st Cir.5/9/97), 694 So.2d 1189,1191-1192, writ denied, 97-1551 (La.9/26/97), 701 So.2d 991. If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. LSA-C.C.P. arts. 966 and 967.
In determining whether summary judgment is appropriate, appellate courts review summary judgment de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Sanders v. Ashland Oil. Inc., 696 So.2d at 1035. Furthermore, an appellate court asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Guardia v. Lakeview Regional Medical Center. 2008-1369 (La.App. 1st Cir.5/8/09), 13 So.3d 625, 627.. Because it is the applicable substantive law' that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Board of Supervisors of Louisiana State University v. Louisiana Agricultural Finance Authority, 984 So.2d at 80.
Further, when addressing legal issues, a reviewing court gives no special *1082 weight to the findings of the trial court. Campbell v. Markel American Insurance Company, 2000-1448 (La.App. 1st Cir.9/21/01), 822 So.2d 617, 620, writ denied, 2001-2813 (La.1/4/02), 805 So.2d 204. Instead, after conducting its de novo review of questions of law, the reviewing court renders a judgment on the record. Campbell v. Markel American Insurance Company, 822 So.2d at 620.
LEGAL MALPRACTICE CLAIM
In order to establish a valid legal malpractice claim, a plaintiff must show, by evidence sufficient to convince a reasonable trier of fact: (1) the existence of an attorney-client relationship; (2) negligent representation by the attorney; and (3) loss caused by that negligence. MB Industries, LLC v. CNA Insurance Company, 2011-0303 (La.10/25/11), 74 So.3d 1173, 1184. Thus, to prevail on the merits, Brassette has the burden of proving that the defendant failed to “exercise at least that degree of care, skill, and diligence, which is exercised by prudent practicing attorneys in his locality.” Ramp v. St. Paul Fire and Marine Insurance Company, 263 La. 774, 269 So.2d 239, 244 (1972). Typically, a plaintiff will retain an expert witness both to establish the standard of care for prudent attorneys in the relevant locality and to show that the defendant’s actions fell below the standard of care. MB Industries, LLC v. CNA Insurance Company, 74 So.3d at 1184. The failure to introduce the testimony or affidavit of an expert witness, however, is not necessarily fatal to the plaintiffs claim, particularly where the alleged legal malpractice is “obvious” or the defendant attorney committed “gross error.” MB Industries, LLC v. CNA Insurance Company, 74 So.3d at 1184-1185, citing Ramp v. St. Paul Fire and Marine Insurance Company, 269 So.2d at 244.
At the outset, we address Bras-sette’s contention that trial court erred in holding that her settlement of the underlying case precluded her from bringing a legal malpractice action against her former counsel.
| sDefendant argues that the failure to oppose the FDA’s “Motion to Limit the Ad Damnum” was not negligent where, based on the information available on the date of filing (November 16, 2005), the damage limitation amount of $30,000.00 was considered more than reasonable for Brassette’s injuries. Defendant maintains that at no time prior to August 28, 2008, was Bras-sette diagnosed with a herniated disc, and, further, that there is no evidence that the herniated disc was caused by the accident. Thus, defendant contends no malpractice was committed in the handling of the underlying matter, and, because Brassette settled the underlying suit with no reservation of rights against defendant, she is unable to prove damages and is thereby estopped from pursuing her legal malpractice claim.
In support, defendant relies on Murphy v. Gilsbar, 2002-0205 (La.App. 1st Cir.12/31/02), 834 So.2d 669, writ denied, 2003-0676 (La.5/30/03), 845 So.2d 1057. In Murphy, another panel of this court held that the plaintiff therein was equitably stopped from bringing a legal malpractice claim where, despite the federal court’s attempts to involve plaintiff in a hearing to reconsider an adverse judgment finding that plaintiffs claim had prescribed, the plaintiff declined to participate and advised the court through a letter that she instead chose to file a legal malpractice claim against her attorney. See Murphy v. Gilsbar, 834 So.2d at 672. In holding that the plaintiff could not thereafter assert a malpractice claim, this court stated:
[Plaintiffs] entire action for malpractice against [defendant] rested on the allegation that [defendant] allowed the action for employment discrimination to *1083 prescribe. [Plaintiffs] refusal to participate in the hearing in federal court indicated she no longer had an interest in her discrimination suit. Her inaction precluded the revival of that action, an event that neither [defendant] nor Ciba-Geigy could affect as they lacked standing. Clearly, the trial court did not err in concluding that, by refusing to participate in the hearing that could have resurrected her discrimination suit, [plaintiff] waived her right to proceed with her malpractice suit.
Murphy v. Gilsbar, 834 So.2d at 672.
Although we find the facts of the instant case readily distinguishable from those set forth above in Murphy, the jurisprudential doctrine of equitable estoppel in Murphy was recently discussed, and limited in its application, by the Louisiana Supreme Court in MB Industries, LLC v. CNA Insurance Company, 2011-0303 (La.10/25/11), 74 So.3d 1173. In MB Industries, the defendant therein argued that, under the principles of equitable es-toppel, a defendant who fails to perfect an appeal of an underlying judgment effectively waives his right to a remedy in malpractice. In its discussion, the Supreme Court noted that although the theory of equitable estoppel was supported by several appellate court decisions, the issue was res nova for the Supreme Court. See MB Industries, LLC v. CNA Insurance Company, 74 So.3d at 1179.
As the Louisiana Supreme Court explained therein, equitable estoppel is a jurisprudential doctrine involving “the voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct.” MB Industries, LLC v. CNA Insurance Company, 74 So.3d at 1180 (citing Morris v. Friedman, 94-2808 (La.11/27/95), 663 So.2d 19, 25). There are three elements required to establish equitable estoppel: (1) a representation by conduct or work; (2) justifiable reliance thereon; and (3) a change of position to one’s detriment because of the reliance. MB Industries, LLC v. CNA Insurance Company, 74 So.3d at 1180.
As the Louisiana Supreme Court further explained:
A claim of waiver by failure to appeal is thus not “equitable estoppel” as the doctrine has been defined by this Court. Strictly speaking, equitable estoppel applies only where a party has made false or misleading representations of fact and the other party justifiably relied on the representation. State v. Mitchell, 337 So.2d 1186, 1188 (La.1976). We must narrowly construe this argument, as “estoppel is not favored in our law,” Id., and estoppel is a “doctrine of last resort.” Howard Trucking Co., Inc. v. Stassi, 485 So.2d 915, 918 (La.1986). Because MBI’s decision not to pursue an appeal was not a representation of fact which Durio or Weinstein justifiably relied on to their detriment, equitable es-toppel does not apply.
The issue is more properly framed as a failure to mitigate damages under Civil Code article 2002, which states: “An obligee must make reasonable efforts to mitigate the damage caused by the obligor’s failure to perform. When an obligee fails to make these efforts, the obligor may demand that the damages be accordingly reduced.” Id. If an aggrieved party could have cured the effects of an unfavorable judgment by appeal, its decision not to appeal may be a failure to mitigate under article 2002. The failure to mitigate damages is an affirmative defense, and the burden of proof is on the party asserting the defense. Wooley *1084 v. Lucksinger, 09-571 (La.4/1/11), 61 So.3d 507, 607; A Better Place, Inc. v. Giani Investment Co., 445 So.2d 728, 732 (La.1984).
MB Industries, LLC v. CNA Insurance Company, 74 So.3d at 1180-1181 (footnote omitted)(emphasis added).
Ultimately, the Louisiana Supreme Court held in MB Industries that:
[A] party does not waive its right to file a legal malpractice suit by not filing an appeal of an underlying judgment unless it is determined a reasonably prudent party would have filed an appeal, given the facts known at the time and avoiding the temptation to view the case through hindsight. This analysis is heavily dependent on the specific facts of the case. A court should take into account any relevant factors including, but not limited to, the nature of the alleged malpractice, the likelihood an appeal would have been successful, the likely expense of the appeal, and the possibility the peremp-tive period on the legal malpractice claim would have expired during the course of the appeal.
MB Industries, LLC v. CNA Insurance Company, 74 So.3d at 1182-1183.
Thus, applying the analysis set forth in MB Industries, we now conclude that a party does not waive its right to file a legal malpractice suit by settling an underlying suit, unless it is determined that a reasonably prudent party would not have settled the underlying case, given the facts known at the time and avoiding the temptation to view the case through hindsight. See MB Industries, LLC v. CNA Insurance Company, 74 So.3d at 1182-1183.[3] As such, rather than considering defendant’s argument under principles of equitable estoppel to determine whether the defendant was entitled to summary judgment herein as a matter of law, we must consider whether Brassette waived her right to pursue a legal malpractice claim against the defendant by entering into a settlement agreement with the FDA. Thus, the relevant inquiry is whether a reasonably prudent party would have settled her underlying case.
The scope of a party’s duty to mitigate depends on the particular facts of the individual case, and, as recognized by the Louisiana Supreme Court, a party is not required to take actions which would likely prove unduly costly or futile. MB Industries, LLC v. CNA Insurance Company, 74 So.3d at 1181. A duty to mitigate encompasses only what a “reasonably prudent man” would have done to lessen his damages, given the facts known to him at the time and avoiding the temptation to view the case through hindsight. Unverzagt v. Young Builders, Inc., 252 La. 1091, 215 So.2d 823, 826 (1968). Although as a general principle, a client has a duty to *1085 mitigate damages caused by his attorney’s malpractice, such a duty cannot require the client to undertake measures that are unreasonable, impractical, or disproportionately expensive considering all of the attendant circumstances. American Reliable Insurance Company v. Navratil, 445 F.3d 402, 406 (5th Cir.2006). Moreover, failure to pursue an appeal or other legal review is not a defense unless pursuit of the remedy would have made a difference. MB Industries, LLC v. CNA Insurance Company, 74 So.3d at 1182.
In the instant case, if Brassette could have cured the effects of the federal court’s limitation of her damage award, her decision to settle her underlying suit might constitute a failure to mitigate. However, as the record reflects, after Brassette learned that defendant failed to oppose the motion to limit damages, Bras-sette requested a relative, Friziala Wiggins, a lawyer in New Orleans, to review the federal court pleadings to see if there was any action Brassette could take to challenge the $30,000.00 damage limitation resulting from the federal court ruling. Brassette was advised by her relative that the limitation was “set” and there was no action she could take to challenge it. Accordingly, Brassette entered into the settlement agreement with the FDA. As such, Brassette argues on appeal that her conduct was reasonable under the circumstances, and her acceptance of the settlement funds could not serve to hinder her ability to recover, inasmuch as there existed no action that the defendant could have taken to recover any damages in excess of the limit once the Motion to Limit the Ad Damnum was granted as unopposed due to the defendant’s inaction.
On review of the trial court’s grant of defendant’s motion for summary judgment, we agree that defendant failed to establish, as a matter of law, that Brassette’s decision to settle her underlying suit, given the damage award limit imposed therein, was outside the bounds of a reasonably prudent actor, given the facts known to her at the time. Instead, on the record before us, we find that genuine issues of material fact remain as to whether Brassette acted as a “reasonably prudent party” in entering into the settlement agreement herein, which precludes the grant of summary judgment in either party’s favor. 11sSpecificaIly, such a determination of the reasonableness of her actions can only be made after the trial court’s consideration of the facts and circumstances surrounding her decision to settle in view of the procedural posture of the underlying federal suit and the extent of her medical treatment and damages.
Because we find merit to this assignment of error, we pretermit discussion of Brassette’s alternative arguments on appeal.
CONCLUSION
For the above and foregoing reasons, the April 6, 2011 judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed against the defendants, Hugh B. Exnicios and the Exnicios Legal Center.
REVERSED AND REMANDED.
KUHN, J., dissents with reasons.
PETTIGREW, J., concurs with the result.

. Louisiana Revised Statute 9:5605 provides, in pertinent part:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

. In denying Brassette’s motion for summary judgment, the trial court noted that Brassette failed to present any evidence to prove her entitlement to judgment as a matter of law for the defendant’s failure to file an opposition to *1081 the FDA’s motion to limit damages in the underlying proceedings as an act of negligence per se. Although the denial of a motion for summary judgment is generally non-ap-pealable, see LSA-C.C.P. art. 968, because the same issues lie at the heart of the cross-motions for summary judgment, review of the opposing motions is appropriate. See Board of Supervisors of Louisiana State University v. Louisiana Agricultural Finance Authority, 2007-0107 (La.App. 1st Cir.2/8/08), 984 So.2d 72, 78, n. 1. Nonetheless, Brassette does not assign error to the trial court’s denial of her motion for summary judgment in this appeal.

. Moreover, we note that in a recent case similar to the instant case, Walker v. Harris, 2011-0141 (La.App. 1st Cir.9/14/11), 2011 WL 4344026 (unpublished opinion), this panel affirmed a judgment dismissing plaintiffs’ legal malpractice claim, finding that the plaintiffs were equitably estopped from asserting an action for legal malpractice against their former counsel where the plaintiffs had settled the underlying lawsuit on which the legal malpractice claim was based. The Louisiana Supreme Court granted the plaintiffs' writ application and remanded the case to this court for reconsideration specifically in light of its subsequent decision in MB Industries. See Walker v. Harris, 2011-2531 (La.2/3/12), 79 So.3d 1020 Thus, we must consider the holdings set forth in MB Industries in our resolution of the issues set before us in the instant appeal.
We further note that MB Industries’s holding that a party does not waive its right to file a legal malpractice claim by not filing an appeal of an underlying judgment has since been applied by this court in Evanston Insurance Company v. Kimmel, 2011-0526 (La.App. 1st Cir. 12/14/11), 2011 WL 6288045(unpublished opinion).