TERRI F. LOVE, Judge.
_JjThis appeal arises from the alleged legal malpractice of the defendant. The plaintiff settled his underlying lawsuit involving child support for $8,000 and then filed suit against the defendant and her insurer for legal malpractice. The defendants filed a motion for summary judgment, which the trial court granted. We find that Mr. Saussy failed to provide factual support sufficient to show that he could meet his burden of proof as to his alleged loss at trial. Therefore, no genuine issues of material fact exist as to Mr. Saussy’s alleged losses. Because proof of loss is a central component in a valid legal malpractice action, the trial court did not err in granting the Defendants’ Motion for Summary Judgment and we affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Attorney Leslie A. Bonin and Attorney William Bologna were hired by Stephen Saussy, Jr. to represent him in divorce and child support proceedings against his ex-wife prior to May of 2000. On or about May of 2000, Attorney Bonin began representing Mr. Saussy exclusively. During the course of these proceedings, Mr. Saus-sy’s ex-wife filed a Motion to Modify Child Support for two of the couple’s three children who resided with her. Attorney Bo-nin filed a Motion to Modify-Child Support when all three of the couple’s children resided with Mr. Saussy. Attorney Bonin sought child support for all three of the couple’s minor |2children on Mr. Saussy’s *3 behalf. However, in a separate paragraph of the motion, child support was requested for only two of the couple’s children.
Mr. Saussy’s ex-wife filed a motion to recuse the trial court judge after discovering inter alia that Attorney Bonin represented the trial court judge’s daughter in a separate divorce proceeding. As a result, the trial court judge recused herself and the Saussys’ case was transferred to another division of the Civil District Court of Orleans Parish.
In October 2009, Attorney Bonin withdrew from her representation of Mr. Saus-sy, at his request. Mr. Saussy then retained Attorney Bologna to represent him.[1] A hearing on the child support proceedings then occurred before the newly assigned trial court judge. During these proceedings, the trial court judge expressed that in order to decide the amount of 'child support to be awarded to each parent, he would consider the amount of time a child was living with a particular parent, regardless of whether the pleadings technically requested him to do so. However, the trial court judge did not rule on the custody issue because Mr. Saussy and his ex-wife entered into a settlement agreement, which was confected into the Consent Judgment and placed on the record. The trial court judge signed the Consent Judgment. Pursuant to the Consent Judgment, Mr. Saussy agreed to pay his ex-wife $8,000 in child support. Mr. Saussy did not receive any payment for child support according to the Consent Judgment.
Mr. Saussy then filed a legal malpractice suit in the Civil District Court of Orleans Parish against Attorney Bonin and Continental Casualty Company (“Continental”), Attorney Bonin’s professional malpractice insurance provider (collectively “Defendants”), claiming Attorney Bonin’s negligent legal ^representation caused him to suffer damages. Mr. Saussy alleged that Attorney Bonin committed malpractice by: (1) failing to file for child support for one of his children, resulting in his losing months of child support for that child; (2) failing to advise him and opposing counsel that Attorney Bonin represented the daughter of the original trial judge in the underlying proceeding; and (8) requiring him to incur substantial legal fees to hire new counsel.
The Defendants filed a Motion for Summary Judgment contending Mr. Saussy was estopped from asserting his legal malpractice claims and waived any rights to bring a legal malpractice case against the Defendants by voluntarily settling with his ex-wife, without attempting to correct the alleged error made by Attorney Bonin. Additionally, the Defendants asserted Mr. Saussy lacked factual support for the required elements of his malpractice claims and could not bear his required burden of establishing any genuine issues of material fact to support his malpractice claims. The trial court, finding no genuine issue of material fact existed, granted the Defendants Motion for Summary Judgment.[2]
Mr. Saussy’s appeal follows.

STANDARD OF REVIEW

“Appellate courts review summary judgments de novo under the same criteria *4 that govern the district court’s consideration of whether summary judgment is appropriate.” Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342, 345 (La.1991). A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary | ¿judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2).[3] “Pursuant to a 1996 amendment to the summary judgment article, the summary judgment procedure is now favored under our law.” Costello v. Hardy, 03-1146, pp. 8-9 (La.1/21/04), 864 So.2d 129, 137.
The movant carries the burden of proof. La. C.C.P. art. 966(C)(2). “[I]f the movant will not bear the burden of proof at trial,” then the movant must establish “an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” Id. The adverse party must then produce factual support illustrating that it will be able to meet the requisite evidentiary burden of proof at trial. Id. The adverse party “may not rest on the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.” La. C.C.P. art. 967(B). If the adverse party fails to produce this factual support, then there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2). However, “the trial judge cannot make credibility determinations on a motion for summary judgment.” Indep. Fire Ins. Co. v. Sunbeam, Corp., 99-2181, p. 16 (La.2/29/00), 755 So.2d 226, 236.

SETTLEMENT

The Defendants contend that Mr. Saussy is estopped from lodging and prevailing on a legal malpractice suit because he settled the underlying action prior to the trial court’s ruling.
The Louisiana Supreme Court found that the threshold issue in determining whether a party has a right to bring a legal malpractice suit when the party failed to appeal the trial court’s ruling is whether the party failed to mitigate damages |¿pursuant to La. C.C. art. 2002,[4] rather than applying the doctrine of equitable estoppel. MB Indus., LLC v. CNA Ins. Co., 11-0303; 0304, p. 10 (La.10/25/11), 74 So.3d 1173, 1181. “The scope of a party’s duty to mitigate depends on the particular facts of the individual case, and a party is not required to take actions which would likely prove unduly costly or futile.” Id., 11-0303; 0304, pp. 10-11, 74 So.3d at 1181. The Louisiana Supreme Court held that “a party does not waive its right to file a legal malpractice suit by not filing an appeal of an underlying judgment unless it is determined a reasonably prudent party would have filed an appeal, given the facts known at the time and avoiding the temptation to view the case through hindsight.” Id., 11-0303; 0304, p. 13, 74 So.3d at 1182-83. The Court expounded that the “analysis is heavily dependent on the specific facts of the case.” Id., 11-0303; 0304, p. 13, 74 So.3d at 1183. Further, the Louisiana Supreme Court provided that
*5 [a] court should take into account any relevant factors including, but not limited to, the nature of the alleged malpractice, the likelihood an appeal would have been successful, the likely expense of the appeal, and the possibility the peremp-tive period on. the, legal malpractice claim would have expired during the course of the appeal.

Id.

The First Circuit addressed a plaintiffs right to a legal malpractice action following the plaintiffs settlement of the underlying action wherein the settlement did not contain a reservation of rights. Brassette v. Exnicios, 11-1439, pp. 4-5 (La.App. 1 Cir. 5/14/12), 92 So.3d 1077, 1080. In following MB, the court found “that a party does not waive its right to file a legal malpractice suit by settling an | ^underlying suit, unless it is determined that a reasonably prudent party would not have settled the underlying case, given the facts known at the time and avoiding the temptation to view the case through hindsight.” Brassette, 11-1439, p. 10, 92 So.3d at 1084.
Accordingly, given the Louisiana Supreme Court’s holding, we find that a genuine issue of material fact exists as to whether Mr. Saussy acted as a reasonably prudent party by settling his underlying child support action prior to pursuing his action for legal malpractice. However, in order to defeat the Defendants’ Motion for Summary Judgment, Mr. Saussy must also demonstrate that genuine issues of material fact remain by meeting his burden of proof of producing “factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial” in regards to the components of a valid legal malpractice claim. La. C.C.P. art. 966(C)(2).

LEGAL MALPRACTICE CLAIM

For a valid legal malpractice claim, the plaintiff must prove: “1) the existence of an attorney-client relationship; 2) negligent representation by the attorney; and 3) loss caused by. that negligence.” Costello, 03-1146, p. 9, 864 So.2d at 138. The plaintiff bears the burden of proving each of these elements. Id.

Attorney-Client Relationship

One of the basic tenets of establishing a claim of malpractice is proving that an attorney-client relationship existed at the time of the alleged malpractice. See Teague v. St. Paul Fire & Marine Ins. Co., 07-1384, p. 8 (La.2/1/08), 974 So.2d 1266, 1272; Costello, 03-1146, pp. 9-10, 864 So.2d at 138; Francois v. Andry, 05-0388, pp. 6-7 (La.App. 4 Cir. 4/5/06), 930 So.2d 995, 998; Joseph v. Gray, 05-0182, pp. 4-5 (La.App. 4 Cir. 8/3/05), 916 So.2d 1130, 1132.
| /‘The existence of an attorney-client relationship turns largely on the client’s subjective belief that it exists.” St. Paul Fire & Marine Ins. Co. v. GAB Robins N. Am., Inc., 08-0331, p. 8 (La.App. 4 Cir. 11/19/08), 999 So.2d 72, 77. “However, a person’s subjective belief that an attorney represents him must be reasonable under the circumstances.” Id., 08-0331, pp. 8-9, 999 So.2d at 77.
In the case sub judice, the parties disagree on whether there was an attorney-client relationship based upon what time period should be utilized to determine whether an attorney-client relationship existed. Mr. Saussy contends there was an established attorney-client relationship when the alleged malpractice took place, which would have been a time period when Attorney Bonin represented and worked for him. Conversely, the Defendants aver that there was not an attorney-client relationship because at the time the settlement for the underlying child custody case was *6 confected, Attorney Bonin was no longer representing Mr. Saussy. The trial court judge held that when considering whether an attorney-client relationship existed, the focus should be on the time the alleged malpractice took place.
We agree. Here, it is undisputed that Attorney Bonin was Mr. Saussy’s attorney at the time she failed to plead for child support for one of his children. Consequently, there was an established attorney-client relationship between the parties in this action and no genuine issues of material fact exist as to this requirement of a valid legal malpractice action. Thus, we must determine if Mr. Saussy produced “factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial” as to Attorney Bonin’s alleged negligent representation and loss suffered. La. C.C.P. art. 966(C)(2).
1 ¡Negligent Representation
The plaintiff has the responsibility of demonstrating the defendant failed to “exercise at least that degree of care, skill, and diligence which is exercised by prudent practicing attorneys in his locality.” MB, 11-0303; 11-0304, p. 15, 74 So.3d at 1184, quoting Ramp v. St. Paul Fire & Marine Ins. Co., 263 La. 774, 269 So.2d 239, 244 (1972). “Typically, a plaintiff will retain an expert witness both to establish the standard of care for prudent attorneys in the relevant locality and to show the defendant’s actions fell below the standard of care.” MB, 11-0303; 11-0304, p. 15, 74 So.3d at 1184. “We have held that ‘questions of negligence are generally inappropriate for disposition by summary judgment.’” DeStevens v. Harsco Corp., 94-1183, p. 3 (La.App. 4 Cir. 3/16/95), 652 So.2d 1054, 1057, quoting Cooper v. Ceco Corp., 558 So.2d 1355 (La.App. 4th Cir.1990).
Mr. Saussy asserts that Attorney Bonin failed to properly plead support for one of his children, thereby causing him to lose months of child support. Mr. Saussy also asserts that Attorney Bonin committed legal malpractice and that he incurred damages by Attorney Bonin failing to disclose her conflict with the original trial court judge in the underlying action. Attorney Bonin was not aware that her representation of the original trial court judge’s daughter in a separate proceeding would be considered a conflict until after this Court granted a supervisory writ in relation to the Blanch v. Blanch, 09-0187 (La.App. 4 Cir. 4/27/09) (unpub.) matter, stating that the trial court judge should recuse herself from that matter. No more than a day elapsed between Mr. Saussy’s ex-wife filing a Motion for Recusal and when the original trial court judge recused herself.
Mr. Saussy attached the affidavit of Attorney Bologna to his Opposition to the Defendants’ Motion for Summary Judgment. Attorney Bologna attested that 19he was listed as an expert and fact witness in the legal malpractice action. “He determined that there was ample opportunity for Mr. Saussy’s counsel to file for child support on behalf of child 1 for Mr. Saussy ... however no pleadings or demands for child support for Mr. Saussy were ever filed.” Given the factfinder’s credibility determination of Attorney Bologna, the affidavit presents expert testimony sufficient that Mr. Saussy produced “factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial” as to the alleged negligence of Attorney Bonin. Therefore, we find that genuine issues of material fact exist as to Attorney Bonin’s alleged negligence.

Loss Caused by Alleged Negligence

Although he voluntarily settled the underlying action, Mr. Saussy contends that *7 he suffered damages. Mr. Saussy asserts that if Attorney Bonin had properly pled for child support, then he would have been able to argue for this support during the settlement, thereby changing the monetary agreement of the settlement. Mr. Saussy also avers that he suffered damages by hiring a new attorney due to Attorney Bonin’s alleged inadequate representation.
While Mr. Saussy maintains that he could have received child support if not for Attorney Bonin’s alleged legal malpractice, the record is devoid of evidence sufficient to meet the requisite burden of proof. Mr. Saussy’s central contention regarding the amount of child support is defeated by the trial court judge’s statements in the child custody proceedings wherein the trial court judge stated that he would consider the amount of child support owed to Mr. Saussy for the time period each of his children lived with him, regardless of whether child support for each of the children was properly pled. Thus, by settling the underlying action prior to the trial court ruling on the child support issue, Mr. Saussy estopped the |intrial court from awarding child support regardless of whether child support for child 1 was properly pled. Mr. Saussy did not produce any additional evidence in his Opposition to Defendants’ Motion for Summary Judgment that would demonstrate that he could prove loss at trial. Therefore, Mr. Saussy failed “to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial” in regards to losses suffered as a result of the alleged legal malpractice of Attorney Bonin. La. C.C.P. art. 966(C)(2). Accordingly, no genuine issues of material fact exist as to Mr. Saussy’s alleged loss, which is a requirement for a valid legal malpractice action, and we affirm the trial court’s granting of the Defendants’ Motion for Summary Judgment.

DECREE

After conducting a de novo review of the record in light of the relevant law, we find that Mr. Saussy failed to provide factual support sufficient to show that he could meet his burden of proof as to his alleged losses at trial. Therefore, no genuine issues of material fact exist as to Mr. Saus-sy’s alleged losses. Because proof of loss is a central component in a valid legal malpractice action, the trial court did not err in granting the Defendants’ Motion for Summary Judgment. For the above-mentioned reasons, we affirm the trial court’s judgment.
AFFIRMED.

. Attorney Bologna concluded representing Mr. Saussy in December 2009. Upon conclusion of Attorney Bologna's representation, Mr. Saussy hired another attorney to represent him.

. The trial court judgment, which dismissed Mr. Saussy’s claims, was not designated as a dismissal with or without prejudice. Therefore, the judgment is interpreted as dismissing Mr. Saussy's claims without prejudice. State Through Dep’t of Pub. Safety & Corr. v. Louisiana Riverboat Gaming Comm’n, 94-702; 94-0730-94-0735 (La.App. 1 Cir. 6/17/94), 640 So.2d 1368, 1378.

. La. C.C.P. art 966(B)(2) was recently amended by the Louisiana Legislature to include the words "admitted for purposes of the motion for summary judgment.”

. La. C.C. art. 2002 provides: "An obligee must make reasonable efforts to mitigate the damage caused by the obligor's failure to perform. When an obligee fails to make these efforts, the obligor may demand that the damages be accordingly reduced.”